IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| IN RE: TRACEY GODFREY, | CV 24-40-M-DLC |
| Petitioner | ORDER |

Tracey Godfrey has filed a document stylized as a "Demand to Resentence." (Doc. 1.) He asks this Court to issue an order directing any Montana state district court to perform a "ministerial act." (*Id.*) Specifically, Godfrey requests that a 10-year sentence be imposed, rather than the 60-year sentence he is currently serving. (*Id.*)

This Court is very familiar with Godfrey's state sentence, he has repeatedly attempted to challenge the same to no avail.[1] To the extent that Godfrey asks this

---

[1] *See Godfrey v. Kirkegard*, CV 14-27-M-DLC (D. Mont. May 5, 2014)(habeas petition dismissed on the merits); *Godfrey v. Kirkegard*, CV 14-164-M-DLC (D. Mont. June 12, 2014)(habeas petition dismissed for lack of jurisdiction); *Godfrey v. Kirkegard*, CV 14-190-M-DLC (D. Mont. June 20, 2014)(habeas petition dismissed for lack of jurisdiction); *Godfrey v. Montana*, CV 16-04-M-DLC (D. Mont. Jan. 19, 2016) (habeas petition dismissed); *Godfrey v. Guyer*, CV 19-54-M-DLC (D. Mont. April 11, 2019) (petition dismissed for lack of jurisdiction as an unauthorized second/successive petition); *Godfrey v. State*, CV-19-69-M (D. Mont. April 22, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, CV-19-86-M-DLC (D. Mont. May 13, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, CV-19-202-M-DLC (D. Mont. Jan. 2, 2020) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, CV-20-20-M-DLC (D. Mont. March 5, 2020)(dismissed for lack of jurisdiction); *Godfrey v. Salmonsen*, CV-20-114-M-DWM (D. Mont. Aug. 6, 2020)(dismissed for lack of jurisdiction; *Godfrey v. Salmonsen,* CV-20-122-M-DWM (D. Mont. Aug. 20. 2020)(Rule 60 motion denied); *Godfrey v. Montana*

Court to grant him habeas corpus relief, he is precluded from doing so based upon the second or successive bar, of which Godfrey is aware. 28 U.S.C. § 2244(b) (prohibiting the filing of second or successive petitions); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam)(district court lacks jurisdiction to hear a second or successive petition absent authorization from the Circuit Court); *see also Godfrey v. Salmonsen*, Cause No. CV 20-132-M-DLC, Ord. (D. Mont. Oct. 8, 2020). Godfrey has not obtained authorization from the Ninth Circuit, accordingly, this Court lacks jurisdiction over the matter.

To the extent Godfrey attempts to challenge his sentence via a petition for writ of mandamus, the matter also must be dismissed. As Godfrey has previously been advised, the mandamus statute applies only to *federal* officers and employees, not *state* officers and employees. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"); *see also In re Godfrey*, Cause No. CV 23-156-M-DWM, Ord. at (D. Mont. Dec. 21, 2023). Godfrey asks this Court to compel a state district court to amend his sentence. A petition for a writ of mandamus "to compel a state court or official to take or refrain from some action is frivolous as a matter

---

*Supreme Court*, CV-22-120-M-DLC, Or. (D. Mont. July 13, 2022)(petition for writ of supervisory control dismissed).

2

of law." *Demos v. U.S. District Court,* 925 F.2d 1160, 1161-62 (9th Cir. 1991); *Givens v. Los Angeles Cnty. Superior Ct.*, 163 F. App'x 514, 515 (9th Cir. 2006). In addition, the All-Writs Act "does not operate to confer jurisdiction and may only be invoked in aid of jurisdiction which already exists." *Malone v. Calderon,* 165 F.3d 1234, 1237 (9th Cir.1999). Godfrey's filing does not state grounds upon which this Court could grant relief.  Whether in the form of a petition for writ of mandamus or habeas corpus, this Court is without jurisdiction to hear Godfrey's claims.

Accordingly, the Court enters the following:

## ORDER

1.  This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment.

2.  Aside from a notice of appeal, the Clerk of Court should accept no future filings in this matter.

DATED this 8th day of April, 2024.

>   */s/ Dana L. Christensen*
>   Dana L. Christensen
>   United States District Court Judge